IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS KEVIN JENKINS,          *
          Plaintiff,

    v.                    *    CIVIL ACTION NO. PX-18-565

CHAD E. TILLBROOK, *PH.D*.    *
DAVIS & DAVIS LAW FIRM
          Defendants.       *
                        *****

## MEMORANDUM OPINION

On July 5, 2017, plaintiff Thomas Kevin Jenkins' self-represented Complaint, captioned as a legal and medical malpractice action, was received for filing in the United States District Court for the District of Columbia seeking compensatory, nominal, punitive and monetary damages totaling $500,000.00.[1]   On November 20, 2017, Jenkins' application to proceed in forma pauperis was denied without prejudice and the complaint was dismissed on procedural grounds.  ECF No. 6.  Jenkins moved for reconsideration of the Court's order which was granted. The case was then transferred to this Court and received by the Clerk on February 26, 2018. ECF Nos. 7-10.  This Court has revisited Jenkins' motion to proceed in forma pauperis and grants the motion for all proceedings in this District.  For reasons to follow, however, the Complaint shall be summarily dismissed.

The in forma pauperis statute authorizes district courts to dismiss a case where, as here, the Complaint fails to state a claim on which relief may be granted, or if the claim is frivolous,

---

[1]     According to the Bureau of Prisons inmate locator website, Jenkins is currently confined the Federal Medical Center at Butner, P. O. Box 1600, Butner, North Carolina 27509.  The docket shall be amended to reflect this information.

malicious, or seeks monetary relief against a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

In his Complaint, Jenkins appears to takes issue with the psychological treatment and legal representation that he is receiving in a pending federal criminal case. *See United States v. Jenkins*, Criminal No. TDC-15-492 (D. Md.). Jenkins asserts that a psychotherapist, Chad Tillbrook, and Jenkins former attorney, Christopher Davis, "willfully with malice intent harbor vindictive behavior-which led them to articulate actions that are illegal and prohibited to legal and medical practices." ECF No. 1, p. 1. Jenkins claims that Tillbrook and Davis breached confidentiality in violation of the psychotherapist–patient and attorney-client privileges and the Federal Rules of Evidence. Jenkins further accuses both Tillbrook and Davis of an alliance to "corruptly influence and obstruct [the] due administration of justice;" perform "negligent misrepresentation in defiance of court authority"; and "orchestrat[e] a powerful deception of events, making material and untruthful, fictitious statements –to convey false and misleading – information in furtherance to dupe the government and disrespecting the dignity of the people of the state." *Id.*, p. 2.

A review of the docket in *United States v. Jenkins*, Criminal No. TDC-15-492 reflects that Jenkins has not yet been tried.[2] Christopher Davis was terminated as Jenkins' counsel in October of 2017, and Jenkins is now represented by a new Criminal Justice Act (CJA) attorney. Nonetheless, Jenkins has continued to file self-represented motions throughout his criminal case.

Jenkins' Complaint simply does not state a valid claim. A Complaint must include a short and plain statement setting forth the basis for the court's jurisdiction, the facts supporting a claim on which relief may be granted, and what relief the plaintiff seeks. *See* Fed. R. Civ. P.

---

[2] Jenkins is the subject of pending competency proceedings.

8(a). The averments in a complaint must be simple, concise, and direct, yet sufficiently detailed and informative to provide Defendants adequate notice of the claims. Fed. R. Civ. P. 8(e)(1) d. *See* 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1215 (3d ed. 2004). "[T]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *See Ashcroft v. Iqbal*, 556 U.S 662, 680 (2009). Although a pro se plaintiff is afforded some latitude in pleading, the Complaint must nonetheless include sufficient information to identify the cause of action and named defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

The Complaint, at best, recounts Jenkins' general displeasure with Davis and Tillbrook, but it provides no factual basis to state a legally cognizable claim for relief. To the extent that Jenkins is pursuing a civil suit based on ineffectiveness of counsel, that claim cannot be supported at this juncture. A Sixth Amendment claim of ineffective assistance of counsel requires the petitioner to demonstrate (1) that his attorney's performance fell "below an objective standard of reasonableness, measured by prevailing professional norms," and (2) that such performance "prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A plaintiff must demonstrate "prejudice" by showing " a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Jenkins has not yet been tried and so cannot yet show that the result of any claimed ineffectiveness has prejudiced him. As to Tillbrook, Jenkins asserts only that Tillbrook breached the psychotherapist-client privilege. Although a potential cause of action, in general may lie, *see Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 1929 (1996), Jenkins avers no facts from which the Court could draw a plausible inference that such breach occurred in his case. *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).  Accordingly, Jenkins has failed to state a claim

upon which relief can be granted.  A separate Order follows dismissing this case without

prejudice.[3]


Date:    3/30/18                            _____/S/_____
                                           Paula Xinis
                                           United States District Judge

---

[3]        The court is mindful of the Fourth Circuit decision in *Goode v. Central Virginia Legal Aid Society, Inc.,* 807 F.3d 619, 624 (4th Cir. 2015).  Because Jenkins' criminal case has not concluded, however, amendment in this case at this juncture would be futile.